NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA PABLO MATIAS; ROLMO
JERONIMO PABLO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70518

Agency Nos.    A208-302-246
               A208-302-247

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 7, 2021
Seattle, Washington

Before:  BOGGS,** BERZON, and MURGUIA, Circuit Judges.

Petitioners, Maria Pablo Matias ("Pablo") and her minor son, Rolmo Jeronimo

Pablo ("Rolmo"), are natives and citizens of Guatemala, petitioning for review of

their motion to reopen immigration proceedings, which was denied as untimely filed

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

by the Board of Immigration Appeals ("BIA").  For the reasons set forth below, we deny their petition.

As set forth in the underlying decision of the immigration judge ("IJ"), Pablo is an indigenous Guatemalan Mam woman. While in Guatemala, she lived with her domestic partner, Andres, and they had a son together, Rolmo.  After Rolmo was born, Andres began to beat, insult, and threaten Pablo on a regular basis.  He would get mad and threaten to kill her if she and Rolmo did not leave the house.  Pablo tried to leave once, going to her parents, but Andres found her and threatened to kill her and Rolmo if they did not return home.  Pablo testified that she never reported the abuse because she was embarrassed to tell her family, and the police were far away and did not speak her language.

Eventually, Pablo and Rolmo escaped from Andres and came to the United States, in May 2015.  They were put into removal proceedings, and Pablo moved for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  She requested protection from persecution based on her membership in the particular social groups of Guatemalan women who are viewed as property and unable to leave a relationship, and of indigenous Guatemalan women who are at risk of femicide.  In March 2016, the IJ denied her relief and ordered her removed.  On appeal, the BIA held that the IJ erred in finding Pablo was not credible

2

and, on remand, directed the IJ to reassess whether Pablo had articulated a cognizable social group.

In August 2017, the IJ issued a second removal order, denying Pablo's claim for protection on the grounds that neither of her proposed social groups was considered socially distinct and therefore she was not prima facie eligible for relief. Pablo filed a second appeal. In December 2018, the BIA held that her proposed social groups were not cognizable and denied her appeal. Pablo did not petition for review of this decision.

When Andres learned that Pablo and Rolmo were being deported back to Guatemala, he renewed his threats to harm them. Afraid to return to Guatemala, Pablo filed an untimely motion to reopen with the BIA in September 2019, seeking asylum and withholding of removal based on changed country conditions. Pablo's changed circumstances argument rested solely on these new personal threats from Andres; she proffered no evidence of general changes in country conditions in Guatemala. In January 2020, the BIA denied Pablo's motion, holding that her claim did not constitute a material change in conditions that would warrant an untimely reopening of her asylum case. The BIA also held that Pablo's fear of harm did not bear a nexus to a cognizable social group or any other protected ground. Pablo filed this petition for review.

We review denial of a motion to reopen for abuse of discretion. *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019). The BIA abuses its discretion if its decision is "arbitrary, irrational, or contrary to law." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)). To succeed on an untimely motion to reopen based on changed conditions, a petitioner must provide evidence of changed country conditions. *Chandra v. Holder*, 751 F.3d 1034, 1036-38 (9th Cir. 2014). Those claims must be based on "changed circumstances arising in the country of nationality" or deportation. 8 C.F.R. § 1003.2(c)(3)(ii).

Here, it is undisputed that Pablo proffered no evidence of changed conditions generally in the country of Guatemala. She instead solely relied on alleged changes in her personal circumstances, the new threats from Andres. Andres's "new" threats did not constitute a change in Pablo's personal circumstances, as they were a continuation of Andres's earlier threats and abusive behavior, the very behavior from which Pablo sought refuge in the United States. In particular, Pablo stated at her hearing that Andres had threatened while she was in the United States to kill her if she returned to Guatemala, essentially the same threat he repeated later and which is the basis for her motion to reopen. These "new" threats thus did not create a change in Pablo's personal circumstances.

In addition to there being no change in Pablo's personal circumstances, Pablo failed to present any evidence of changed country conditions. This court recently stated that changes in personal circumstances may be relevant to a motion to reopen based on changed country conditions, but the petitioner could not rely solely on a change in personal circumstances. *Rodriguez v. Garland*, 990 F.3d 1205, 1209-10 (9th Cir. 2021); *see Kaur v. Garland*, No. 18-72786, __ F.4th __, __, 2021 WL 2521610, slip op. at 11-15 & n.3 (9th Cir. June 21, 2021) (distinguishing *Rodriguez* where the changed personal circumstances occurred "in the country of nationality," were beyond the petitioner's control, and were accompanied by broader changed country conditions).

The BIA thus did not abuse its discretion in rejecting Pablo's motion to reopen. For that reason, we do not reach the questions whether Pablo was a member of a cognizable social group or whether her fear of harm bore a nexus to a particular social group or any other protected ground.

The petition is **DENIED**.