**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LI ZHANG,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No. 13-74452

Agency No. A099-733-461

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Li Zhang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on omissions from Zhang's declaration and direct testimony as to the harm she experienced in China and inconsistencies in her testimony as to her first trip to the United States.  *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances).  Zhang's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Substantial evidence also supports the agency's finding that Zhang's corroborative evidence did not otherwise establish her eligibility for relief.  *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim).  Thus, in the absence of credible testimony, in this case, Zhang's asylum and withholding of removal claims fail.  *See Huang v. Holder,* 744 F.3d 1149, 1156 (9th Cir. 2014).

Substantial evidence supports the agency's denial of Zhang's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Zhang would be tortured by or with the consent or acquiescence of the government if returned to

China.  *See id.*

## PETITION FOR REVIEW DENIED.