**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHANLING LU,

                Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   20-71284

Agency No. A087-714-442

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2021[**]
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and DORSEY,[***] District
Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Jennifer A. Dorsey, United States District Judge for
the District of Nevada, sitting by designation.

Petitioner Shanling Lu (Lu), a native and citizen of China, seeks review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. His application for asylum, withholding of removal, and relief under the Convention Against Torture was previously denied. *See Lu v. Sessions*, 707 F. App'x 925 (9th Cir. 2017). In 2019, Lu joined the Chinese Democracy Party (CDP) and filed an untimely motion to reopen immigration proceedings based on his membership. Lu contended that his active CDP involvement brought the attention of local police in China. According to Lu's wife, who still lives in China, the police continuously visit their (or her) home and have threatened him with beatings and life imprisonment. Lu maintained that the crackdown on democratic protestors in Hong Kong demonstrates that circumstances for persons who support democracy in China have worsened since his order of removal. The BIA disagreed, holding that Lu failed to establish that there has been a material change in China for CDP members.

The denial of a motion to reopen is reviewed for abuse of discretion. *See Etemadi v. Garland*, 12 F.4th 1013, 1018 (9th Cir. 2021). Generally, a motion to reopen must be filed within 90 days from the entry of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). But an exception to the time limit is available if the motion to reopen "is based on changed country

2

conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii); *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014). We have consistently ruled that a change in personal circumstances alone is not a sufficient basis to excuse an untimely motion to reopen. *See, e.g.*, *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021).

The record supports the BIA's conclusion that country conditions have not changed for CDP members in China since the time of Lu's previous hearing. At all relevant times, the Chinese government has banned the CDP and subjected its members (and other political opponents) to various forms of harassment, including wiretapping and searches. "General references to continuing or remaining problems [are] not evidence of a *change* in a country's conditions. . . ." *Id.* at 1210 (citation and internal quotation marks omitted) (emphasis in the original).

**PETITION DENIED**.