NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL SALDANA-SALGADO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-70486 <br><br> Agency No. A201-022-059 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and O'SCANNLAIN and GRABER, Circuit Judges.

Gabriel Saldana-Salgado asks this Court to grant his petition for review and to reverse the denial of his second motion to reopen proceedings. As the facts are known to the parties, we repeat them only as necessary to explain our decision. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deny the petition.

Petitioners "may file only one motion to reopen . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). This is Salgado's second motion to reopen and it was filed more than 90 days after the final decision.

Petitioner, however, argues that his motion is exempt from the limitations of § 1003.2(c)(2) because it falls under the exception carved out in § 1003.2(c)(3)(ii). To prevail on this claim, Salgado "must 'clear four hurdles: (1) he [must] produce evidence that [country] conditions [have] changed . . . (2) the evidence [must] be "material;" (3) the evidence must not have been available . . . previous[ly] . . . and (4) . . . the new evidence . . . would establish prima facie eligibility for the relief sought.'" *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (alterations in original) (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)); *see also Go v. Holder*, 744 F.3d 604, 607 (9th Cir. 2014). The BIA denied the motion because it found that Salgado failed to demonstrate a material change in country conditions and failed to show prima facie eligibility for relief.

Contrary to Petitioner's assertions, the BIA did not abuse its discretion in reviewing his motion. "[T]he [BIA] does not have to write an exegesis on every contention." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (second

2

alteration in original) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)). Instead, it merely must "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* It did so here when it acknowledged the evidence Petitioner presented and articulated specific grounds for the denial of his motion.

In any event, the BIA did not abuse its discretion because Salgado failed to show that "the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen" are materially different. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). The travel advisories issued by the United States Department of State fail to show a change in country conditions material to Petitioner's fear of persecution by a single member of the cartel in his native town. Further, Salgado's evidence regarding his son's withholding of removal case does not contribute toward a finding of changed conditions, because his son experienced threats and violence in 2011, prior to Petitioner's "previous hearing" in 2014. *Id.*

**PETITION DENIED.**