**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO SOLARES ELIAS a/k/a Javier Galara Martinez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK GARLAND, Attorney General, <br><br> Respondent. | No. 16-72313 <br><br> Agency No. A205-320-214 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and ROSENTHAL,***
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Pablo Solares Elias, a native and citizen of Mexico, seeks review of a Board of Immigration Appeals ("BIA") order denying his untimely motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "We review the Board's denial of a motion to reopen for abuse of discretion, but review purely legal questions de novo." *Id.* The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law. *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). Finding no abuse of discretion or legal error, we deny the petition for review.

Where, as here, an applicant files a motion to re-open more than 90 days after the BIA dismisses his original appeal, the applicant needs to "clear four hurdles": "(1) he [must] produce evidence that conditions had changed in [his home country]; (2) the evidence [must] be material; (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he [must] demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Toufighi v. Mukasey,* 538 F.3d 988, 996 (9th Cir. 2008), *as amended* (citations omitted).

In support of his motion to reopen, Solares submitted his unsworn declaration, stating that when he told his family that his 2015 BIA appeal was denied, his family told him that members of the Zetas drug cartel "had been asking about [him]." His

2

declaration states that he fears he will be killed when he returns to Mexico if he does not join the Zetas. Solares's motion to reopen also included an asylum application, proof of his military service, a 2015 news article about violence at the southwestern border, a 2011 law journal article about asylum for former Mexican police officers, and five photographs.

The BIA did not abuse its discretion in finding that Solares had not demonstrated changed country conditions based on previously unavailable information. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(3). Solares claimed that he initially left Mexico in 2000 because Zeta members were trying to recruit him based on his 1989 to 1991 military service and related arms training. He feared reprisal because his uncle, a military commander, had disappeared years earlier after he refused to join the Zetas. Solares thus asserted that he was afraid to return to Mexico in 2016 for the same reason that he left in 2000—he feared reprisal for refusing to join the Zetas. The 2011 law journal article and the 2015 news article do not discuss increased violence towards former members of the military in 2015. "General references to continuing or remaining problems [are] not evidence of a *change* in a country's conditions[.]" *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) (citations omitted). "The newly submitted evidence must be 'qualitatively different' from the evidence presented at the previous hearing." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (quoting *Malty*

*v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)).  Solares relies on a continuance of country conditions, not a change.

Additionally, the record does not show that this evidence was unavailable and could not have been discovered or presented at the 2013 hearing.  Solares asserts that he learned that the Zetas were "still" searching for him when he called his family to tell them about the BIA's 2015 decision.  He asserts that he had not previously believed that the Zetas still wanted to recruit him given the 16 years since he left the country.  But Solares's only evidence of a more recent reason to fear returning is his own declaration stating that the Zetas had asked his family members about him.  His declaration does not explain when this occurred, and nothing in the record establishes an inability to obtain this information earlier.

Finally, Solares has not established a prima facie case of eligibility for asylum or withholding of removal.  *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010).  His only basis for fearing persecution is that his uncle (a military commander) had been abducted for refusing to join the Zetas—in 1991.  Solares remained in Mexico until 2000 without harm.  The evidence does not support his claim that if he returned to Mexico, he would be persecuted based on a protected ground.  *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

4

Nor does Solares show a basis for CAT relief. He provided no evidence establishing "substantial grounds" for believing that he would be tortured in Mexico. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001) (citations omitted). The fact that his uncle was a military officer and was kidnapped in 1991, after refusing to join the Zetas, does not show that it is probable Solares will be tortured with the acquiescence of Mexican authorities if he returns to Mexico. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION DENIED**.