

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERESA GUEVARA TRIGUEROS, AKA Mercedes Garcia Garcia, AKA Teresa Jesus Guevara, AKA Nancy Gutierrez Wenees, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   16-73554 <br><br> Agency No. A088-895-326 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2022[**]
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.

Teresa Guevara Trigueros seeks review of a decision of the Board of

Immigration Appeals (BIA) denying her motion to reopen removal proceedings to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reapply for asylum, withholding of removal, and protection under the Convention

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

Guevara Trigueros failed to demonstrate that country conditions in Honduras

had materially changed from her 2013 hearing before the Immigration Judge (IJ) to

her 2016 motion to reopen. Although she presented new evidence that her family

continues to receive extortion threats, such evidence was not "qualitatively

different from the evidence presented at the previous hearing." *Najmabadi v.*

*Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (cleaned up); 8 C.F.R. § 1003.2(c)(1).[1]

Therefore, the BIA did not abuse its discretion in holding that Guevara Trigueros

failed to demonstrate a material change in country conditions sufficient to satisfy

the timeliness exception for a motion to reopen under 8 C.F.R. § 1003.2(c)(3)(ii).

*See Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir. 2008); 8 C.F.R.

§ 1003.2(c)(3)(ii).

Moreover, the BIA did not abuse its discretion in holding that Guevara

Trigueros failed to make a prima facie showing that she is eligible for withholding

---

[1] To the extent that Guevara Trigueros argues that her daughter's illness constitutes a material change in country conditions, that argument fails because "mere changes in a petitioner's *personal* circumstances are not sufficient" to justify reopening proceedings. *Rodriguez v. Garland*, 990 F.3d 1205, 1207 (9th Cir. 2021). Moreover, the claim that she is eligible for withholding of removal on those grounds is unexhausted, and we therefore lack jurisdiction to consider that claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

of removal.  Guevara Trigueros failed to demonstrate a nexus between persecution by the criminals who harmed her family and any protected ground because "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).[2]

Because Guevara Trigueros's motion to reopen did not address her claim for protection under CAT, we lack jurisdiction to consider it.  *See Barron*, 358 F.3d at 677.  Although Guevara Trigueros moved the BIA to reopen proceedings sua sponte, she does not challenge the BIA's denial of that motion on appeal and therefore has forfeited that claim.  *Cerezo v. Mukasey*, 512 F.3d 1163, 1165 n.5 (9th Cir. 2008).

**DENIED IN PART, DISMISSED IN PART.**

---

[2] Because Guevara Trigueros is subject to a reinstated removal order, and therefore not eligible for asylum, *see* 8 U.S.C. § 1231(a)(5); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 831 (9th Cir. 2016), we do not consider her arguments to the extent they address her prima facie eligibility for asylum.