**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILTO FENESCAT, | No.   20-72643 |
| Petitioner, | Agency No. A209-865-222 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2022[**]
Seattle, Washington

Before:  GILMAN,[***] IKUTA, and MILLER, Circuit Judges.

Wilto Fenescat seeks review of the decision of the Board of Immigration

Appeals (BIA) denying his motion to reopen his removal proceedings and to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

reconsider the BIA's previous decision denying his administrative appeal. We have jurisdiction under 8 U.S.C. § 1252(a)(1).

The BIA did not abuse its discretion in denying Fenescat's motion to reopen (filed almost two years after the generally applicable deadline) as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Fenescat failed to show that he qualified for an exception to the applicable deadline for changed country conditions, *see id.* § 1229a(c)(7)(C)(ii), because Fenescat's change in personal circumstances, namely his marriage, did not constitute a change in country conditions, *see Rodriguez v. Garland*, 990 F.3d 1205, 1209–10 (9th Cir. 2021); *see also Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014). Further, Fenescat did not present any evidence of country conditions in Haiti to the BIA.[1]

The BIA did not abuse its discretion in denying Fenescat's motion to reconsider the prior adverse credibility determination. The BIA denied the motion because it was untimely and, in the alternative, because it raised only arguments that the BIA had considered and rejected in its previous decision. *See* 8 C.F.R. § 1003.2(b)(1)–(2). Because Fenescat does not challenge either of these

---

[1] Because the BIA did not err in denying the motion to reopen as untimely, we do not address Fenescat's arguments concerning the BIA's alternative reasoning that Fenescat failed to establish prima facie eligibility for relief as a derivative beneficiary of his wife's asylum application. *See Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016).

2

dispositive grounds for denying the motion, we do not consider his remaining arguments.  Finally, because the BIA did not rely on the IJ's adverse credibility determination in reaching its conclusion, *Matter of F-S-N-*, 28 I. & N. Dec. 1 (BIA 2020), is not applicable, and we therefore reject Fenescat's argument that the BIA's decision was contrary to that decision.

**PETITION DENIED.**