**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO GARCIA-MENDOZA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-71951

Agency No. A077-118-907

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Petitioner Ricardo Garcia-Mendoza (Garcia) seeks review of the Board of

Immigration Appeals' (BIA) denial of his motion to reopen a final order of removal.

We review the BIA's denial of Garcia's motion to reopen for abuse of discretion and

will reverse only when it acts "arbitrarily, irrationally or contrary to law."

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Yeghiazaryan v. Gonzales*, 439 F.3d 994, 998 (9th Cir. 2006) (quoting *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended by* 404 F.3d 1105 (9th Cir. 2005)). We have jurisdiction to review the BIA's denial of a motion to reopen pursuant to 8 U.S.C. § 1252(a). We deny the petition.

Under 8 C.F.R. § 1003.2(c)(2), an alien may file a motion to reopen his case within 90 days of the final removal order. Garcia does not dispute that he filed his motion to reopen more than 90 days after the final removal order. Rather, he argues that he qualifies for an exception to this deadline because, due to changed circumstances in Mexico, he now can show a reasonable likelihood of success on his claims for relief. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (stating that a petitioner may "present evidence of changed personal circumstances to the extent that is helpful 'to establish the materiality' of . . . changed country conditions") (quoting *Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014)).

1. Garcia argues that the BIA erred in holding that he could not make out a prima facie case of eligibility for asylum or withholding of removal based on changed circumstances in his native Mexico. Specifically, he points to evidence showing human rights abuses including "involvement by police, military, and other state officials, sometimes in coordination with criminal organizations, in unlawful killings, disappearances, and torture," and an increase in the number of homicides.

He also claims that he fears returning to Mexico on account of threats to his family due to their ownership of land and a business and on account of his familial ties with his brother, who has engaged in criminal activities in Mexico and has previously assumed Garcia's identity.

The BIA did not abuse its discretion in concluding that the harms to his family Garcia described do not rise to the level of persecution. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) (describing persecution as "an extreme concept that does not include every sort of treatment our society regards as offensive") (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)).

Garcia claims that his aunt, who runs a family-owned store, was repeatedly threatened with death and extorted, and he says that he fears he will be targeted due to his association with this business. However, we do not typically regard such threats, on their own, as persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) ("[W]hile we have acknowledged that threats of death are enough to constitute persecution, we typically rely on all of the surrounding events, including the death threat[s], in deciding whether persecution exists.") Garcia neither states that his aunt was physically harmed nor that his sister, who has taken over the store, has received similar threats. To the extent Garcia's claimed fear is based on generalized violence in Mexico, such fear cannot serve as a basis for asylum. *See Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021) ("Acknowledging

3

that a particular country is currently plagued by generalized crime and violence cannot be a basis for granting asylum to any citizen of that country in the United States.").

The BIA also reasonably concluded that Garcia failed to put forth evidence demonstrating a nexus between a protected ground and any harm that might be inflicted on him, as is required to make a prima facie case for asylum or withholding of removal. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017). Garcia claims membership in a family-based particular social group, but he fails to show that any family member other than his aunt was threatened, that the criminals who extorted her did so for reasons other than financial gain, or that he would be targeted on account of his family ties. *Cf. Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

He also fails to argue that he could not reasonably relocate within Mexico to avoid the harm he fears. *See Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000) ("When determining whether a fear [of persecution] is well-founded, a court may consider evidence that a person could safely move elsewhere in their home country." (cleaned up)). Finally, the BIA reasonably concluded that Garcia's claimed fear of being harmed because his brother may commit crimes using Garcia's identity did not amount to prima facie evidence of eligibility for asylum or

4

withholding of removal, because it was speculative. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (holding that the petitioner did not have an objectively reasonable fear of persecution when her fear was based on a speculative chain of events). Garcia submitted no evidence to support the idea that he may be targeted because of crimes his brother has committed or may commit in the future.

2. The BIA did not abuse its discretion in concluding that Garcia failed to demonstrate prima facie eligibility for CAT protection. Garcia's submission of general evidence that torture exists in Mexico was not sufficient to establish a prima facie case that it is more likely than not he would be tortured in Mexico. *See Delgado–Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("[G]eneralized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."). And because Garcia could not demonstrate that the lower threshold of persecution is met by the harm he fears related to the purported harassment and extortion of his family, he also cannot demonstrate that he faces a likelihood of torture. *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (torture is more severe than persecution).

3. Because Garcia cannot demonstrate that he qualifies for an exception to the time bar in 8 C.F.R. § 1003.2(c)(2), the BIA's determination that Garcia's

5

motion to reopen was untimely was not in error.[1]

**PETITION DENIED.**

---

[1] We do not have jurisdiction to consider Garcia's claim that the BIA should have reopened his case sua sponte. *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) ("We generally lack jurisdiction to review the BIA's denial of sua sponte reopening . . . [and] retain jurisdiction [only] to review any underlying legal or constitutional errors." (citation omitted)).