**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME ALONSO RODRIGUEZ,<br>*Petitioner*,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br>*Respondent*. | No. 20-70240<br><br>Agency No.<br>A095-625-165<br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2021\*
Pasadena, California

Filed March 15, 2021

Before:  Ronald M. Gould, John B. Owens, and
Lawrence VanDyke, Circuit Judges.

Opinion by Judge VanDyke

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**Immigration**

Denying Jaime Alonso Rodriguez's petition for review of the Board of Immigration Appeals' denial of a motion to reopen removal proceedings, the panel held that the Board did not abuse its discretion in concluding that Rodriguez failed to establish materially changed country conditions to warrant reopening.

Rodriguez sought to reopen removal proceedings to seek asylum and related relief based on a "hybrid" change in personal circumstances and country conditions since his original removal hearing. The panel wrote that a petitioner's personal circumstances may act as a necessary predicate to the success of a motion to reopen where the new personal circumstances make the provided changed country conditions evidence relevant to the petitioner's changed personal circumstances. The panel observed that in this case, Rodriguez did not actually provide evidence of changes in both his personal circumstances and Mexico's country conditions. Instead, he provided evidence of changes in his personal circumstances, along with evidence supporting his argument that, given his changed personal circumstances, he could now be persecuted or tortured based on current country conditions in Mexico. The panel wrote that what was noticeably absent from Rodriguez's "hybrid" changed conditions claim was evidence of actual changed country conditions between his original 2003 hearing and his

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

2016 motion to reopen. The panel held that the Board therefore did not abuse its discretion in concluding that Rodriguez failed to establish materially changed country conditions to warrant reopening.

## COUNSEL

Henry A. Posada, Law Offices of Henry A. Posada, Downey, California, for Petitioner.

Robbin K. Blaya, Trial Attorney; John S. Hogan, Assistant Director; Evan P. Davis, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

VANDYKE, Circuit Judge:

### I.

Jaime Alonso Rodriguez (Petitioner) challenges the Board of Immigration Appeals' (BIA) denial of his motion to reopen his removal proceedings.

Petitioner is a Mexican citizen who was first deported from the U.S. pursuant to an order of removal in 2003. He was caught in 2012 attempting to smuggle back into the U.S. with several others in a boat. After being apprehended, Petitioner and his wife were privately interviewed by law enforcement, where they confirmed their smugglers' identities. Petitioner subsequently filed a motion to reopen

his 2003 removal proceedings based on a "hybrid change in personal circumstances and country conditions" since 2003, so that the agency could consider a new petition for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioner claims he submitted evidence with his motion that demonstrates both (1) a change in personal circumstances, because the smugglers know of his 2012 assistance to law enforcement, and so as a "snitch" he will now be subject to future persecution and torture from cartels; and (2) a related change in country conditions in Mexico since his 2003 removal.

The Immigration Judge (IJ) denied Petitioner's motion to reopen, which the BIA affirmed because Petitioner "had not sufficiently established changed country conditions … since … November 2003" that "were relevant in light of [his] personal circumstances." We now deny his petition for review because the BIA did not abuse its discretion in denying his motion. *See* 8 C.F.R. § 1003.2(a).

Motions to reopen like Petitioner's require evidence that conditions relevant to the petitioner have materially changed in the country of removal since the date of the prior order of removal. *See id.* § 1003.2(c)(3)(ii). Without a showing that *country* conditions have changed, the motion to reopen need not be granted—mere changes in a petitioner's *personal* circumstances are not sufficient. *Id.* Because the BIA did not abuse its discretion in reaching that conclusion, and that determination alone was sufficient to deny the petition, we need not go beyond that issue to evaluate Petitioner's claims for prima facie relief.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged with removability in late 2003. An IJ executed his order of removability on November 13,

2003, and he was removed to Mexico shortly thereafter. Petitioner and his wife later settled in Tijuana, where a man "who earned a lot of money from doing illegal things" gave him a smuggler's contact information to get back into the U.S. On February 2, 2012, Petitioner and his wife attempted to enter the U.S. on a boat with 15 to 20 other people, but they were apprehended upon landing on Huntington Beach, California. The arresting officers took Petitioner and his wife into a private office and asked them to identify the leaders of the smuggling group. Petitioner and his wife pointed to pictures of the smugglers and explained their roles.[1] Petitioner has acknowledged that he "do[es] not know exactly who the smuggling group is affiliated with," but argues in a declaration attached to his motion to reopen that, based on his cooperation with law enforcement, he is "now … considered a snitch" and cannot return to Mexico for fear of reprisal from Mexican cartels.

Following a grant of deferred action, Petitioner filed a motion to open his 2003 removal proceedings in 2016. On March 15, 2016, the IJ denied the motion to reopen because Petitioner did not present evidence sufficient to demonstrate changed country conditions, nor did he establish prima facie eligibility for asylum or withholding. The BIA affirmed. Because the IJ did not address Petitioner's request for protection under CAT, our court granted a motion from the government to remand the case to the Board, who then remanded it back to the IJ.

---

[1] While Petitioner had no further involvement with the smugglers' prosecution, his wife was later identified on the docket as one of two material witnesses in one smuggler's criminal case and she attended a hearing, but did not ultimately testify. At one point, the attorney for one of the smugglers contacted Petitioner's wife's attorney, but Petitioner never explained why or what was said.

## A.  IJ's Decision on the Motion to Reopen

On remand, the IJ again considered Petitioner's motion to reopen and again denied it.  The IJ correctly recognized that "[t]o reopen proceedings based on changed country conditions," Petitioner must carry a "heavy burden" to demonstrate "qualitatively different" evidence that addresses "two points in time: the … time of the petitioner's previous hearing, and … the time of the motion to reopen." In support of his motion to reopen, Petitioner submitted a 2013 expert declaration from Dr. Boerman, and Mexico country reports from 2014 and 2015.  The IJ observed that the expert declaration's sources were from 2011 and 2012, and did not "identify any specific events … in Mexico from the date of [Petitioner's] individual hearing (November 13, 2003) or the date [Petitioner] filed his motion to reopen (February 16, 2016)."  And although the 2014 Human Rights Report documented an increase in complaints of torture from 2003 to 2013, those complaints involved torture of criminal suspects immediately after arrest outside of police facilities—not torture committed by a cartel against informants, i.e., "snitches."    The IJ concluded that generalized evidence of unrelated torture did not meet Petitioner's burden to establish changes in country conditions for individuals who cooperate with U.S. law enforcement and return to Mexico between Petitioner's application dates of 2003 and 2016.

Although the IJ could have denied Petitioner's motion to reopen on that ground alone, in an alternative holding the IJ also reviewed and rejected Petitioner's claims for prima facie relief.  As to the asylum and withholding claims, the IJ determined Petitioner did not provide sufficient evidence to "establish a prima facie fear of persecution on account of his political opinion … as a … 'snitch.'"    The IJ further

concluded Petitioner did not establish membership in a particular social group (PSG) akin to the group considered in *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091–93 (9th Cir. 2013) (en banc), "because neither [he] nor [his] wife actually testified as a material witness." The IJ also determined Petitioner failed to establish a prima facie claim for protection under CAT because the expert declaration only speculated, without factual support, that cartels would target Petitioner upon his return to Mexico. The IJ concluded that neither the expert report nor the country reports demonstrated that it was "more likely than not that [Petitioner], specifically, will be tortured if he is removed to Mexico." Accordingly, the IJ denied the motion to reopen.

## B. BIA Decision

Petitioner appealed the IJ's denial of his motion to reopen to the BIA. The BIA affirmed the IJ's decision, agreeing that Petitioner did not demonstrate "that country conditions in Mexico have materially changed to a sufficient extent since the [IJ's] November 13, 2003" removal decision. Observing that Petitioner did not provide "record evidence showing changed country conditions in how smugglers treat witnesses, or how the police work with smugglers," the BIA concluded that Petitioner "had not sufficiently established changed country conditions arising in Mexico that were material to [his] fear from identifying smugglers since … November 2003." The BIA also affirmed the IJ's alternative holding that Petitioner did not establish a prima facie case for asylum or withholding of removal based on imputed political opinion or membership in a PSG,[2] nor did he allege facts sufficient for eligibility for

---

[2] The BIA noted that Petitioner on appeal also raised another PSG of "family," but declined to address that PSG because "it was his burden to do so in his motion [before the IJ] if he wanted [it] considered."

protection under CAT.   The BIA therefore denied Petitioner's motion to reopen.

This petition follows, where Petitioner argues that the BIA abused its discretion in denying his motion to reopen.

## III.   STANDARD OF REVIEW

We review the denial of a motion to reopen for abuse of discretion.  *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019).  The BIA abuses its discretion if the decision was "arbitrary, irrational, or contrary to law." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (citation omitted).  For the BIA to grant a motion to reopen based on changed country conditions, a petitioner must "clear four hurdles: (1) he [must] produce evidence that [country] conditions [have] changed … (2) the evidence [must] be 'material;' (3) the evidence must not have been available … previous[ly] … and (4) … the new evidence … would establish prima facie eligibility for the relief sought." *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (citation omitted); 8 C.F.R.   § 1003.2(c)(3)(ii).   A petitioner's personal circumstances may act as "a necessary predicate to the success of [a] motion" to reopen where the new personal circumstances make the provided changed country conditions evidence relevant to the petitioner's (changed) personal circumstances. *Chandra v. Holder*, 751 F.3d 1034, 1036–38 (9th Cir. 2014).

## IV. NO EVIDENCE OF CHANGED COUNTRY CONDITIONS

Relying on our court's *Chandra* decision, Petitioner frames his motion to reopen as presenting a "hybrid" changed conditions claim—that is, a claim based on changes in both his personal circumstances and in Mexico's country

conditions. But as explained by the BIA, Petitioner in this case did not actually provide evidence of changes in both his personal circumstances and Mexico's country conditions. Instead, Petitioner provided evidence of changes in his personal circumstances, along with evidence supporting his argument that, given his *changed* personal circumstances, he could now be persecuted or tortured based on *current* country conditions in Mexico.[3] What is noticeably absent from Petitioner's "hybrid" changed conditions claim is evidence of actual changed *country* conditions between 2003 and his 2016 motion to reopen.

As explained in *Chandra*, while changes in personal circumstances may be *relevant* to a motion to reopen based on changed country conditions, a petitioner cannot succeed on such a motion that "relies *solely* on a change in personal circumstances," without also providing sufficient evidence of related changed country conditions. *Chandra*, 751 F.3d at 1037. This is because the regulatory language governing such claims requires that a motion to reopen be based on "changed circumstances arising *in the country* of nationality or deportation." *Id.* at 1036 (emphasis added) (citing 8 C.F.R. § 1003.2(c)(3)(ii)). Changes in a petitioner's personal circumstances are only relevant where those changes are related to the changed country conditions that form the basis for the motion to reopen. Put differently, a petitioner is always *required* to demonstrate changed country conditions, but *may* also present evidence of changed personal circumstances to the extent that is helpful "to establish the materiality" of the changed country conditions. *Id.* at 1037. Changed country conditions are always mandatory to a motion to reopen based on "changed

---

[3] Because our disposition does not require it, we do not reach the merits of Petitioner's claims, and so take no position on the strength of the evidence presented by Petitioner.

conditions"—even one based on a "hybrid" claim. Changed personal circumstances, by contrast, are optional, and should be included where helpful to show how the changed country conditions could now affect the petitioner.

Here, the BIA did not abuse its discretion in determining that Petitioner's motion failed to meet the most basic requirement for reopening: *changed* country conditions. None of Petitioner's proffered evidence revealed any changed conditions in Mexico since 2003 for people fearing retribution from alien smugglers or associated cartels. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Petitioner's expert report only provided an analysis of *current* Mexico country conditions as of January 2013, when the report was filed—ten years after Petitioner's removal hearing. Tellingly, Petitioner himself characterized his expert's report as "explaining country conditions in Mexico as it relates to [Petitioner's] changed circumstances"—omitting any reference to the report evincing *changed* country conditions, because it doesn't. Petitioner's expert never purports to present or explain *any* changes in country conditions since 2003, aside from noting that the Tijuana cartel with the most power has gone back and forth since 2002.[4] But this change has nothing to do with changed conditions in Mexico for those who identify smugglers to law enforcement. The expert report is simply silent on that key issue.

Despite this, Petitioner repeatedly asserts he made the required showing of changed country conditions before the agency, but cites no specific evidence, other than a single citation to the first page of the 2014 Mexico Human Rights Country Report. Like Petitioner's expert report, that country report omits any information on relevant changes in Mexican

---

[4] Petitioner's expert then explicitly disclaimed any impact from whichever cartel was the most influential.

country conditions between 2003 and 2016. The only changes specifically quantified in the record at all in the relevant time period have no relation to Petitioner's circumstances—a 600 percent increase in the torture of prison detainees by police from 2003 to 2013, and a 266 percent increase in child abuse between 2006 and 2012. Rather than showing increases in retaliatory attacks on "snitches" from cartels, the country reports provided by Petitioner in support of his motion to reopen—the 2014 Human Rights report, 2015 Mexico Crime and Safety report, 2015 Mexico Travel Warning, 2015 Human Rights report, and the 2016 Amnesty International report—all simply document that the situation in Mexico "remained" or "continued" to be poor. General references to "continuing" or "remaining" problems is not evidence of a *change* in a country's conditions. *See Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010) (determining that where a submitted "2003 Report merely describes conditions similar to those found in the 1999 Report" it did not demonstrate "qualitatively different" country conditions). Because Petitioner only alleged "a 'purely personal change in circumstances'" and did not provide evidence of related "'separate but simultaneous changes' in … country conditions," the BIA did not abuse its discretion in denying the motion to reopen. *Chandra*, 751 F.3d at 1038 (citation omitted).

## V. CONCLUSION

Petitioner did not present any evidence demonstrating that relevant conditions in Mexico changed since his 2003 removal order, and a change in personal circumstances alone is not sufficient to support a motion to reopen his removal proceedings. *See Chandra*, 751 F.3d at 1037. Even assuming a petitioner's changed personal conditions could

affect his anticipated experience upon return to his country of removal, by regulation the BIA is not required to grant a motion to reopen based on changed conditions absent a change in that *country's* conditions.   *See* 8 C.F.R. § 1003.2(c)(3)(ii).   The BIA therefore did not abuse its discretion in denying Petitioner's motion to reopen on the grounds that he did not demonstrate a relevant change in country conditions.

Because this is an "independent ground[] on which the BIA may deny a motion to reopen," *INS v. Abudu*, 485 U.S. 94, 104 (1988), there is no need for us to reach Petitioner's other arguments regarding his prima facie eligibility for relief. *Najmabadi*, 597 F.3d at 991–92 ("Because the Board denied [Petitioner's] motion to reopen based on her failure to introduce previously unavailable, material evidence, it did not need to reach the question of whether [Petitioner] established a prima facie case for relief.").

**PETITION DENIED**.[5]

---

[5] Petitioner's motion to hold this case in abeyance (ECF No. 27) is also **DENIED**.