**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MALCOLM ALARMO ADDY, AKA Malcolm Alarmo King, | Nos. 18-70018 19-70880 |
| Petitioner, | Agency No. A092-578-405 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2021**
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and BADE, Circuit Judges.

Petitioner Malcolm Alarmo Addy is a native and citizen of Liberia. He

petitions for review of two decisions from the Board of Immigration Appeals

(BIA) denying motions to reopen his immigration proceedings. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252(a)(1). Reviewing for an abuse of discretion, we dismiss the petition for review in No. 18-70018 and deny the petition for review in No. 19-70880. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020) (applying an abuse of discretion standard of review).

**1.** We dismiss Petitioner's petition for review of the BIA decision dated December 22, 2017, denying Petitioner's motion requesting the BIA to sua sponte reopen his immigration proceedings for adjustment of status. Petitioner does not assert that the BIA's denial was premised on "legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 586-88 (9th Cir. 2016), *as amended* (recognizing that while the BIA's sua sponte authority is generally not subject to judicial review, we have "jurisdiction to review [BIA] decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.") (italics omitted). Rather, he bases his challenge on the BIA's "departure from settled practice." *Lona v. Barr*, 958 F.3d 1225, 1236-37 (9th Cir. 2020) (rejecting departure from a "settled course" as a basis for jurisdiction over the BIA's denial of sua sponte relief).

**2.** The immigration court was not deprived of jurisdiction over Petitioner's immigration proceedings in No. 19-70880 due to his Notice to Appear lacking the date and time of appearance. *See Aguilar Fermin*, 958 F.3d at 895 (holding that

"the lack of time, date, and place" in a notice to appear "did not deprive the immigration court of jurisdiction" when that information was subsequently provided and permitted an appearance).

**3.** The BIA did not abuse its discretion when denying Petitioner's motion to reopen based on changed country conditions. *See Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (explaining that to support "a motion to reopen based on changed country conditions," a petitioner "must produce [material] evidence that country conditions have changed," which was not "available previously," and "would establish prima facie eligibility for the relief sought") (citations, alterations, and internal quotation marks omitted). The BIA reasonably concluded that country conditions in Liberia with respect to the treatment of people in the LGBTQ community and in the Americo-Liberian community generally, or as related to his family, have not materially changed. *See id.* at 1208 (explaining that "to reopen proceedings based on changed country conditions, Petitioner must carry a heavy burden to demonstrate qualitatively different evidence that addresses two points in time: the time of the petitioner's previous hearing, and the time of the motion to reopen") (alterations and internal quotation marks omitted).

Recent country reports belie Petitioner's claim that he fears harm as a member of the media. These reports indicate that the media is active and "able to

3

express a wide variety of views," and that any harassment directed against media was based on political opinion, with no indication of harassment for advocating against drug abuse, which Petitioner describes as his focus. The BIA therefore did not abuse its discretion in denying Petitioner's motion, because country conditions in Liberia were not qualitatively different between 2011 and 2019. *See id.* at 1209-11; *see also Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010) (denying petition because current country conditions were not "qualitatively different" from the time of Petitioner's asylum hearing).

**PETITION FOR REVIEW IN NO. 18-70018 DISMISSED AND PETITION FOR REVIEW IN NO. 19-70880 DENIED.**