**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LORENA ESMERALDA GALLEGOS-MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-71549<br><br>Agency No. A078-282-077<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Lorena Esmeralda Gallegos-Mendoza (Gallegos), an El Salvador citizen, seeks review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge (IJ) order denying her untimely motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review the denial of a motion to reopen for abuse of discretion and may grant relief only if the BIA's decision was "arbitrary, irrational, or contrary to law." *Ocampo v. Holder*, 629 F.3d 923, 925 (9th Cir. 2010) (quotations omitted). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The BIA did not abuse its discretion in denying Gallegos's untimely motion to reopen based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).[1] To show she was entitled to reopening on this basis, Gallegos had to:

> (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.

*Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (quotations omitted). The BIA reasonably concluded that Gallegos did not make this showing.

*First*, the BIA did not abuse its discretion in concluding that Gallegos failed to show that conditions materially changed in El Salvador since her original

---

[1] The BIA treated Gallegos's motion as one brought on this ground, and we thus do the same.

immigration proceedings. The BIA reasonably concluded that Gallegos failed to provide "sufficient evidence of related *changed* country conditions," rather than simply changed personal circumstances. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (emphasis added). Evidence in the record supported the BIA's determination that any worsening of violence in El Salvador since 2001 is incremental, and that circumstances there have not changed materially during the relevant time.[2]

*Second*, the BIA did not abuse its discretion in finding that Gallegos failed to establish a prima facie case for asylum, withholding of removal, or CAT protection. *See Silva v. Garland*, 993 F.3d 705, 718–19 (9th Cir. 2021) (legal standards). On this record, the BIA could conclude that Gallegos did not meet her "heavy burden of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (quotations omitted).

Because Gallegos did not contend that she suffered past persecution in El Salvador, to qualify for asylum she needed to show "a well-founded fear of future persecution" in El Salvador because of a protected ground. 8 C.F.R. § 1208.13(b).

---

[2] Our recent decision in *Kaur v. Garland*, — F.3d —, 2021 WL 2521610 (9th Cir. June 21, 2021), is distinguishable because in that case, the petitioner showed changed country conditions, namely, that "violence against women has materially increased in India." *Id.* at *1. Gallegos has not shown a comparable material change in conditions in El Salvador.

This included "showing, by credible, direct, and specific evidence in the record, . . . facts that would support a reasonable fear of persecution." *Silva*, 993 F.3d at 719 (quotations omitted).

The BIA could reasonably conclude that Gallegos did not make the required prima facie showing. Gallegos does not contend that she suffered past persecution in El Salvador. Nor has Gallegos made out a prima facie case of a reasonable fear of future persecution. Gallegos admitted that she was not certain what would happen to her if she returned to El Salvador. And she only alleged that gangs "might look for" her. She did not, however, submit any "specific evidence" supporting a well-founded fear that this would occur. *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Gallegos provided no evidence that MS-13 continues to target her family, and it is unclear how MS-13 would know to target Gallegos considering she left El Salvador 20 years ago. Although the killing of her family members was tragic, the BIA could conclude that the possibility gangs would target Gallegos if she is returned to El Salvador is "too speculative to be credited as a basis for fear of future persecution." *Silva*, 993 F.3d at 719 (quotations omitted).

Because Gallegos did not meet her burden of proof for asylum, she also could not meet the more stringent requirements for withholding of removal and CAT protection. *See E. Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1277 (9th Cir. 2020) ("The evidentiary standard that applicants must meet for either withholding-

of-removal or CAT relief is higher than the evidentiary standard for asylum.").

**PETITION DENIED.**