**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 22 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUSHUN PIAO, | No.    16-71026 |
| Petitioner, | Agency No. A098-131-038 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:      S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Yushun Piao, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen.  *Najmabadi v. Holder*, 597

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Piao's motion to reopen as untimely, where it was filed over three years after the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), and Piao has not established materially changed country conditions in China to qualify for an exception to the filing requirements, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (movant must produce material evidence that conditions in country of nationality had changed); *see also Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening); *Rodriguez v. Garland*, 990 F.3d 1205, 1207 (9th Cir. 2021) ("Without a showing that *country* conditions have changed, the motion to reopen need not be granted—mere changes in a petitioner's *personal* circumstances are not sufficient.").

In light of this disposition, we need not reach Piao's contentions concerning prima facie eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We do not consider the materials Piao references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

16-71026

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**