**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO JAVIER COREAS-SEGOVIA,<br><br>           Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No.   20-70554<br><br>Agency No. A208-446-069<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 22, 2022[**]
Pasadena, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[***] District Judge.

Petitioner Fernando Javier Coreas-Segovia, a native and citizen of El

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), we deny the petition for review.

The BIA did not abuse its discretion in denying Coreas-Segovia's motion to reopen as untimely because it was filed more than a year after the agency's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Coreas-Segovia failed to demonstrate changed circumstances in El Salvador to qualify for the exception to the time limitation for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii). A petitioner moving to reopen based on changed country conditions must submit evidence showing that conditions are "qualitatively different" than they were at the time of his original hearing. *Najmabadi*, 597 F.3d at 987-90. Coreas-Segovia's new evidence did not demonstrate a statistically significant increase in the homicide rate; much of his evidence reflected continuing problems rather than new or worsening conditions that arose after his 2017 hearing; and his concerns about the effects of the Trump administration's terminating aid to El Salvador had not yet been borne out. Substantial evidence therefore supports the BIA's conclusion that the evidence accompanying Coreas-Segovia's motion was not significantly different from that available at the time of his hearing. *See id.* at 991.

Because failure to demonstrate a relevant change in country conditions was a

sufficient ground on which the BIA could deny the motion to reopen, we need not address Coreas-Segovia's prima facie eligibility for asylum, withholding of removal, and protection under the Convention Against Torture. *See Rodriguez v. Garland*, 990 F.3d 1205, 1211 (9th Cir. 2021).

**PETITION DENIED.**