**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| XIA YU, | No. 17-71828 |
| Petitioner, | Agency No. A089-879-877 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Xia Yu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010).  We deny the petition for review.

The BIA did not abuse its discretion in denying Yu's motion to reopen as untimely, where it was filed over one year after the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), and he has not established changed country conditions in China to qualify for an exception to the filing deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (movant must produce material evidence that conditions in country of nationality had changed); *see also Rodriguez v. Garland*, 990 F.3d 1205, 1209-10 (9th Cir. 2021) ("Changes in a petitioner's personal circumstances are only relevant where those changes are related to the changed country conditions that form the basis for the motion to reopen.").

In light of this disposition, we need not reach Yu's remaining contentions regarding the merits of his claims.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We do not consider the materials Yu references in his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**