**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Hamlet Petrosyan, | No. 21-386 |
| Petitioner, | Agency No.    A070-390-792 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2023[**]
Pasadena, California

Before: LEE, BRESS, and MENDOZA, Circuit Judges.

Hamlet Petrosyan, a native and citizen of Armenia, seeks review of an order by the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. Petrosyan contends that the BIA abused its discretion by concluding that country conditions in Armenia have not materially changed since his initial removal proceedings and that, in any event, he cannot establish a prima

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

facie case for asylum or withholding of removal based on having HIV or the perceived association with the "lesbian, gay, bisexual, transgender, and intersex (LGBTI)" community. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

In 2018, Petrosyan filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. The Immigration Judge denied his application, making an adverse credibility determination against him and finding that in any event he did not establish persecution or likelihood of torture. The BIA affirmed, and this court then denied his petition for review in 2020, agreeing with the BIA's adverse credibility conclusion. In 2021, he filed a motion to reopen removal proceedings with the BIA, which denied it as untimely.

1. The BIA did not abuse its discretion in denying Petrosyan's motion to reopen. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (standard of review). Even if a motion to reopen has not been filed within the required 90 days of the final order of removal (as in this case), a petitioner can still rely on a changed conditions exception: he or she must show that "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum [at the time of the initial hearing] now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

Petrosyan, however, cannot rely on this exception because he has not shown materially changed conditions or circumstances in Armenia since 2018 when he had his initial hearing. Petrosyan argues that the mistreatment of HIV-

positive and LGBTI individuals has increased in Armenia since 2018.[1] He supports his argument with the 2019 Human Rights Report and Dr. Aram Terzyan's expert opinion, both of which catalogue instances of deplorable violence against LGBTI individuals, discrimination against HIV-positive individuals, anti-LGBTI protests, and government officials expressing anti-LGBTI sentiment. But his evidence fails to establish that there has been a qualitative change in mistreatment since his 2018 hearing—violence and discrimination toward HIV-positive and LGBTI individuals, unfortunately, has been a persistent problem in Armenia. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).

True, Dr. Terzyan's report expresses additional concerns that the Armenian government's recent decision to incorporate its Center for the Prevention of AIDS into another clinic will further reduce medical treatment for HIV-positive individuals. It further suggests that the escalation of the Armenian-Azerbaijani war has increased animus against the LGBTI community. The BIA, however, concluded that these events have a speculative connection to increased mistreatment of HIV-positive and LGBTI individuals, and this conclusion was not arbitrary, irrational, or contrary to law. *See Almaraz v. Holder*, 608 F.3d 638, 641–42 (9th Cir. 2011). It was thus rational for the BIA to conclude that Petrosyan's evidence showed a continuation in country conditions as opposed to

---

[1] Petrosyan is married to his wife but he states that he is perceived as a member of the LGBTI community because of his HIV status.

a material increase in mistreatment. And while Petrosyan's evidence showed a qualitative increase in medical discrimination against HIV-positive women, the BIA did not abuse its discretion by finding that this does not affect Petrosyan because he is a man.

2. Even if Petrosyan could establish materially changed conditions in Armenia, he fails to establish a prima facie case for asylum or withholding, so the BIA did not abuse its discretion by denying his motion to reopen. Petrosyan contends that he has a well-founded fear of future persecution because HIV-positive and LGBTI individuals in Armenia face a pattern or practice of persecution. Although public and private individuals in Armenia commit acts of violence and discrimination against HIV-positive and LGBTI individuals, the BIA rationally concluded that these acts do not rise to a pattern or practice of persecution. *See Bromfield v. Mukasey* 543 F.3d 1071, 1079 (9th Cir. 2008) (finding a pattern and practice where both public and private officials perpetrated violence against LGBTI individuals and laws criminalized homosexuality); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1212–13 (9th Cir. 2004). Petrosyan thus fails to establish a reasonable likelihood that he has a well-founded fear of future persecution, which is necessary to have a prima facie case for asylum and withholding. *See Salim*, 831 F.3d at 1139.

**PETITION DENIED.**