**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ISMELDA PATRICIA SORIANO RUIZ; YEIMI MISCHEL RIVERA SORIANO; BRITNEY DAYANA SORIANO RUIZ, Petitioners, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-368 Agency Nos. A202-097-278 A202-097-279 A202-097-280 MEMORANDUM\* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2024\*\*
Pasadena, California

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

Ismelda Patricia Soriano Ruiz ("Soriano Ruiz") and her two children Britney

and Yeimi petition for review of a February 17, 2023 final order of removal by the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals ("BIA"). In prior removal proceedings, petitioners admitted the allegations in the Notices to Appear and conceded the sole charge of removability, but sought various forms of relief. Through supporting documents, Soriano Ruiz claimed that she suffered physical and emotional abuse by her then-partner and that she feared further harm from him if she returned to Guatemala. The immigration judge ("IJ") concluded that Soriano Ruiz was not credible and denied relief. On May 17, 2019, the BIA affirmed the IJ's decision. A panel of this court denied Soriano Ruiz's petition for review. *Soriano Ruiz v. Wilkinson*, 849 F. App'x 638, 640 (9th Cir. 2021).

Soriano Ruiz filed a motion to reopen with the BIA, attaching new supporting declarations by various family members and friends. She argued that further proceedings were warranted based on changed country conditions in Guatemala and because the Attorney General's vacatur in *Matter of A-B-*, 28 I & N Dec. 307 (A.G. 2021), represented a change in the law governing the cognizability of particular social groups based on domestic violence entitling her to file a new application for asylum and related relief. The BIA denied Soriano Ruiz's motion to reopen.

Our review is limited to the BIA's February 17, 2023 decision denying Soriano Ruiz's motion to reopen. *See Stone v. INS*, 514 U.S. 386, 405 (1995). We review the denial of a motion to reopen for abuse of discretion. *INS v. Abudu*, 485

U.S. 94, 96 (1988). When a petition for review of the BIA's denial of a motion to reopen is based on alleged changed country conditions, we review the BIA's findings of fact for substantial evidence, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and the findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992).

Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1.      Soriano Ruiz argues that the Notices to Appear were "defective." She also argues that the IJ erred in reaching his original adverse credibility determination (but does not list this argument in the statement of issues).[1] "[U]nder the law of the case doctrine," we are precluded from "reconsidering an issue previously decided by the same court . . . in the identical case," when "the issue in question . . . ha[s] been decided explicitly." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1190 (9th Cir. 2016) (citations omitted). Because we have explicitly rejected both arguments, we are precluded from reconsidering them. *See Soriano Ruiz*, 849 F. App'x at 640 ("Our precedent forecloses the argument that the immigration judge lacked jurisdiction because the notices to appear did not specify the time and place of the hearing."); *id.* at 641 ("These inconsistencies [in Soriano

---

[1] Soriano Ruiz made neither argument in her motion to reopen.

Ruiz's testimony] constitute substantial evidence for the agency's adverse credibility determination.").

2. "For the BIA to grant a motion to reopen based on changed country conditions," a noncitizen must "clear" several "hurdles," including producing material, previously unavailable evidence that country conditions have changed. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021).

The BIA did not abuse its discretion when it denied reopening. It concluded that the State Department's 2020 *Country Report* for Guatemala did not demonstrate that conditions had worsened with respect to violence by domestic abusers or gangs. The BIA further concluded that the new supporting declarations by family members and friends did not establish that the "factual predicate" in Soriano Ruiz's motion "is a result of worsened country conditions in Guatemala"; nor did Soriano Ruiz demonstrate "how the purported facts were previously unavailable." The BIA also found that "[a]t best, [Soriano Ruiz's] motion is premised on changed personal circumstances, if at all, but changed personal circumstances alone are insufficient to excuse [her] from the procedural requirements of a motion to reopen." Because Soriano-Ruiz does not meaningfully contest (or even address) the BIA's dispositive conclusion that her motion was denied because the evidence she submitted did not "qualify as changed country

conditions that are material and could not have been discovered or presented at her prior merits hearing," we deny the petition.

**PETITION FOR REVIEW DENIED.**