**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR MOISES SANCHEZ, | No. 17-70880 |
| Petitioner, | Agency No. A094-301-658 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2024[**]
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Cesar Moises Sanchez, a native and citizen of Honduras,[1] petitions for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] In Section III.A of his brief, Sanchez states that he is a native and citizen of El Salvador. This statement is also in his brief before the BIA. However, Petitioner's brief elsewhere says that Sanchez is a native and citizen of Honduras, as does Sanchez's declaration made under penalty of perjury.

COA

review of the Board of Immigration Appeals ("BIA") order denying his motion to reopen his *in absentia* removal order. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion. *Tadevosyan v. Holder*, 743 F.3d 1250, 1252 (9th Cir. 2014). Where the BIA affirmed the IJ decision and added its own reasoning, we review both decisions. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the legal determinations *de novo* and the factual determinations for substantial evidence. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023). We deny in part and dismiss in part the petition for review.

1. The BIA did not abuse its discretion in denying Sanchez's motion to reopen as untimely. Although generally motions to reopen deportation proceedings must be filed within ninety days of the final administrative decision being rendered, motions filed for the purpose of applying for asylum or withholding based on changed circumstances in the country of nationality constitute an exception to that time limit. *See* 8 C.F.R. § 1003.2(c). To establish a country-conditions change sufficient to excuse an untimely motion to reopen, the evidence must be "'qualitatively different' from the evidence presented at the previous hearing." *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004)). "General references to 'continuing' or 'remaining' problems is not evidence of a *change* in a

country's conditions." *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) (citing *Najmabadi*, 597 F.3d at 989).

The BIA did not abuse its discretion in finding no material change in country conditions where Sanchez failed to present evidence of country conditions in 2008 either at his prior hearing or in making this motion to reopen and thus did not provide sufficient evidence of changed country conditions. Sanchez's contention that his attached reports and articles demonstrate a "drastic[] increase" in gang-related violence and governmental corruption is not supported by the record. Rather, the reports Sanchez submitted demonstrate only continuing violence and corruption, with no specific comparison to conditions in 2008.

Sanchez also argues that the changed circumstances exception to the filing deadline applies because there was a change in U.S. asylum law, citing *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). Although a change in law may support equitable tolling, *Lona v. Barr*, 958 F.3d 1225, 1230–31 (9th Cir. 2020), it does not qualify as a changed circumstance, *Azanor v. Ashcroft*, 364 F.3d 1013, 1022 (9th Cir. 2004).[2]

---

[2] We can "reasonably [] discern[]" the BIA's rejection of Sanchez's argument based on a change in law here, especially when it expressly addressed and rejected the same argument on Sanchez's prior motion to reopen. *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (citations omitted); *see also Lona*, 958 F.3d at 1231 (reviewing BIA's implicit rejection of petitioner's argument).

2. We lack jurisdiction to review the agency's discretionary decision not to reopen proceedings *sua sponte*. Because Sanchez does not raise a colorable constitutional claim or question of law that would invoke our jurisdiction, we cannot review this issue. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (recognizing "jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error").

**PETITION DENIED in part; DISMISSED in part.**