**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VENTURA GUILLEN-HERNANDEZ, | No. 16-73263 |
| Petitioner, | Agency No. A026-640-013 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2025[**]
Pasadena, California

Before: GILMAN, GOULD and KOH, Circuit Judges.[***]

Petitioner Ventura Guillen-Hernandez ("Guillen-Hernandez") petitions our

Court to reverse the Board of Immigration Appeals' ("BIA") order denying his

Motion to Reopen ("MTR") his final deportation order. As an initial matter, Guillen-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Hernandez argues his otherwise time- and number-barred MTR is excepted from those bars on the basis of changed country conditions. Guillen-Hernandez then asserts that the BIA erred by ruling his failure to articulate the political opinion or imputed political opinion for which his siblings were targeted foreclosed a well-founded fear of persecution based on other grounds. Guillen-Hernandez also asserts that the BIA erred in ruling that the evidence he presented failed to establish *prima facie* eligibility for asylum. Guillen-Hernandez finally makes due process claims, one against the BIA in this case, and one—raised for the first time in this appeal— against the immigration judge ("IJ") in his 1987 deportation hearing. We have jurisdiction pursuant to 8 U.S.C. § 1252 and dismiss the appeal as time and number barred.

Guillen-Hernandez's MTR is time and number barred. Motions to reopen must be filed within ninety days of the date upon which the final administrative decision was made. 8 C.F.R. § 1003.2(c)(2). Petitioners may file only one motion to reopen. *Id.* Motions based on changed country conditions, however, are excepted from these general time and number bars. § 1003.2(c)(3)(ii). To qualify for the exception, the petitioner's evidence must (1) be material, (2) not have been available, and (3) not have been previously discoverable or presented at the previous hearing. *Id.* "[C]onditions *relevant to the petitioner* [must] have materially changed in the country of removal since the date of the prior order of removal." *See Rodriguez v.*

*Garland*, 990 F.3d 1205, 1207 (9th Cir. 2021) (emphasis added). "The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum, now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

Although Guillen-Hernandez could not have discovered and did not have available to him the evidence proffered in his MTR, his proffered evidence is not material because it does not affect the validity of his claims. His MTR accordingly does not qualify for the changed country conditions exception to the bar on untimely and subsequent MTRs. His proffered evidence that El Salvador has become more violent and that his family members have been the victims of gang violence contains no information regarding the basis upon which his family has been targeted or whether his persecutors are government officials or those that the government is unwilling or unable to control. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (protected group requirement); *Avetovo-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000) (government officials requirement). Without information that the government is unwilling or unable to control gang violence in El Salvador, we cannot say "circumstances have changed sufficiently that [Guillen-Hernandez] who previously did not have a legitimate claim for asylum, now has a well-founded fear of future persecution." *Malty*, 381 F.3d at 945. Also, Guillen-Hernandez did not include a Form I-589 with either of his MTRs, and that failure to attach Form I-589

contravenes 8 C.F.R. § 1003.2(c)(1)'s requirement to include "the appropriate application for relief" with an MTR. Guillen-Hernandez's argument for having not included a Form I-589 is unconvincing.

For similar reasons, the BIA did not err in ruling that Guillen-Hernandez's evidence does not set forth *prima facie* eligibility for asylum. To reopen a final administrative decision, the petitioner must show *prima facie* eligibility for the underlying relief requested. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). "Prima facie eligibility for relief is established when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022) (cleaned up). The "burden of proof is on the applicant to establish" refugee status based on "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1101(a)(42). The applicant must show that membership in a protected class "was or will be *at least one central reason*" the applicant will be persecuted. *See Parussimova*, 555 F.3d at 740 (emphasis added) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).

Contrary to Guillen-Hernandez's contention that the BIA determined that persecution on another protected ground was foreclosed by his failure to articulate the actual or imputed political opinion for which his siblings were targeted, the BIA

merely concluded there was insufficient evidence of targeting based upon any other protected ground. Guillen-Hernandez has not met his burden of proof to establish refugee status because he does not show a nexus between attacks on his family and a protected group, his inclusion in that protected group, or the official actions of the Salvadoran government. The BIA did not abuse its discretion by denying Guillen-Hernandez's motion on that basis. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1078 (9th Cir. 2013) (stating a BIA denial of a motion to reopen is reviewed for abuse of discretion).[1] We do not address the BIA's determination that Guillen-Hernandez failed to establish a *prima facie* case for Convention Against Torture ("CAT") protection because Guillen-Hernandez does not challenge that determination rejecting CAT relief in his opening brief in this appeal. *See, e.g.*, *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues not "specifically and distinctly" argued in an opening brief may be deemed waived).

This Court would have jurisdiction to entertain Guillen-Hernandez's due process claims if his MTR were not time and number barred, but those claims are without merit in any event. Guillen-Hernandez's failure to raise his due process argument against the IJ in 1987 does not preclude our review. *See Santos-Zacaria*

---

[1] Guillen-Hernandez fails to qualify for withholding of removal for the same reasons. *See* 8 U.S.C. § 1231(b)(3)(A); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430–32 (1987) (indicating overlapping standards between asylum and withholding of removal).

*v. Garland*, 598 U.S. 411, 423 (2023) (holding that the § 1252(d)(1) exhaustion requirement is not jurisdictional and is subject to waiver). His due process claim that the BIA did not review all the evidence in front of it is conclusory and unsupported by the record.

Guillen-Hernandez's due process claim that the IJ in 1987 did not "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" likewise fails. *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (internal quotation marks and citation omitted), The IJ gave Guillen-Hernandez a "reasonable opportunity to examine the evidence against" him and "to present evidence on [his] own behalf" under 8 U.S.C. § 1229a(b)(4)(B) in asking Guillen-Hernandez whether he had evidence in his defense and whether he feared returning to El Salvador. Guillen-Hernandez's unequivocal response in the negative establishes that the IJ developed the record sufficiently to determine Guillen-Hernandez did not fear persecution in El Salvador. *See Jacinto v. INS*, 208 F.3d 725, 732–33 (9th Cir. 2000). Guillen-Hernandez also offered little evidence that any violation would have been prejudicial. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006). Guillen-Hernandez contends speculatively only that further IJ probing would have prompted him to mention his fear of El Salvador's "political problems," an argument the BIA concluded, on direct appeal, did not entitle him to asylum.

Even if his MTR were not barred, Guillen-Hernandez's asylum claims are without merit, and the BIA did not abuse its discretion in denying his motion. Guillen-Hernandez's MTR is time and number barred. Guillen-Hernandez's appeal fails.

**PETITION FOR REVIEW DENIED**.