NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DE LA LUZ ROCHA ZUNIGA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 20-70726 Agency No. A097-359-642 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026[**]
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Petitioner Maria de la Luz Rocha Zuniga, a native and citizen of Mexico, timely seeks review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen her removal proceedings based on changed country conditions. We deny in part and dismiss in part the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1. The BIA did not abuse its "broad discretion" in denying Petitioner's untimely second motion to reopen. Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010) (quoting INS v. Doherty, 502 U.S. 314, 323 (1992)). Petitioner did not present evidence before the BIA about the country conditions that existed in Mexico in 2006, the year in which the immigration judge denied her application for cancellation of removal. Nor was Petitioner's health condition or the claimed threats to family members in Mexico material evidence of changed country conditions. Cf. Reyes-Corado v. Garland, 76 F.4th 1256, 1262–63 (9th Cir. 2023) (noting that changed personal circumstances may be changed country conditions where they occur in the country of removal and are outside the petitioner's control). The BIA thus determined correctly that Petitioner failed to demonstrate a change in country conditions that might warrant an exception to the time and numerical limitations that apply to motions to reopen. See 8 C.F.R. § 1003.2(c)(2)–(3); see also Salim v. Lynch, 831 F.3d 1133, 1137 (9th Cir. 2016) ("[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen."); Rodriguez v. Garland, 990 F.3d 1205, 1210 (9th Cir. 2021) ("[T]he BIA did not abuse its discretion in determining that Petitioner's motion failed to meet the most basic requirement for reopening: changed country conditions.").

2.  We lack jurisdiction to review the BIA's "purely discretionary decision" not to reopen Petitioner's removal proceedings pursuant to its sua sponte authority. Magana-Magana v. Bondi, 129 F.4th 557, 575 (9th Cir. 2025); see 8 C.F.R. § 1003.2(a).  Petitioner does not point to a legal or constitutional error in the BIA's decision that would allow us to consider the agency's failure to reopen sua sponte. See Bonilla v. Lynch, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review [BIA] decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").  Instead, Petitioner challenges only the BIA's application of the correct legal standard to the facts of her case.

**PETITION DENIED in part and DISMISSED in part.[1]**

---

[1] The temporary stay of removal remains in place until the mandate issues.