**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| S. S., | No. 24-2431 |
| Petitioner, | Agency No. A220-350-487 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 30, 2026**

Before: CLIFTON, BADE, and COLLINS, Circuit Judges.

S.S., a citizen of India, petitions for review of a decision of the Board of

Immigration Appeals (BIA) denying his motion to reopen removal proceedings.  We

have jurisdiction under 8 U.S.C. § 1252.  We deny the petition in part and dismiss it

in part.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). The BIA abuses its discretion if its decision is "arbitrary, irrational or contrary to law." *Id.* (citation omitted).

The BIA acted within its discretion in denying S.S.'s motion to reopen. In deciding a motion to reopen, the critical question is "whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim" now does. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Here, the newly submitted evidence includes reports of continued harassment and threats against S.S.'s family in India. This evidence of continuing threats is insufficient to show a change in country conditions. *See Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017); *see also Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) (explaining that "continuing" or "remaining" problems do not constitute changed country conditions). S.S.'s newly submitted evidence also includes a 2022 Human Rights Report for India. The BIA properly concluded that S.S.'s general citation to this report without any explanation as to why it constitutes new evidence or otherwise supports reopening does not satisfy S.S.'s burden to submit new, material evidence. *See Singh v. Garland*, 124 F.4th 690, 697 (9th Cir. 2024). Therefore, the BIA did not abuse its discretion by denying the motion to reopen.

S.S. also challenges the BIA's refusal to exercise its sua sponte authority to reopen his removal proceeding. We lack jurisdiction to review a decision denying sua sponte reopening, other than for the "limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016); *see also Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020). S.S. raises no such error in this court. Therefore, the BIA's denial of S.S.'s request for sua sponte reopening is not subject to review by this court.

**PETITION DENIED IN PART AND DISMISSED IN PART.**