NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ARIEL MENDOZA-GARCIA, | No. 21-70606 |
| Petitioner, | Agency No. A205-321-012 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2023**
Portland, Oregon

Before: M. SMITH, FORREST, and SUNG, Circuit Judges.

Ariel Mendoza-Garcia petitions this court to review the Board of

Immigration Appeals' denial of his motion to reopen based on alleged changed

country conditions. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). *See*

*Oyeniran v. Holder*, 672 F.3d 800, 805–06 (9th Cir. 2012). We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The parties are familiar with the facts and the standard of review is well-established. We review a denial of a motion to reopen on account of alleged changed country conditions for abuse of discretion. *Id.* at 806. When the Board of Immigration Appeals (BIA) invokes 8 C.F.R. § 1003.1(e)(4) to summarily affirm the Immigration Judge (IJ) without an opinion, we review the IJ's decision as if it were that of the BIA. *Alvarado v. Holder*, 759 F.3d 1121, 1126 (9th Cir. 2014).

The BIA did not abuse its discretion when it denied Mendoza-Garcia's motion to reopen. To reopen based on changed country conditions, a movant must, among other things, "(1) produce evidence that conditions have changed in the country of removal," and "(2) demonstrate that the evidence is material." *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(1). A movant "is always *required* to demonstrate changed country conditions, but *may* also present evidence of changed personal circumstances to the extent that is helpful to 'establish the materiality' of the changed country conditions." *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) (quoting *Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014)). Here, Mendoza-Garcia presented evidence only of changed personal circumstances— that, after his original proceedings before an IJ, a cartel threatened him and his family. While Mendoza-Garcia also submitted Mexico's 2017 country report, that report shows only that cartel violence remains a serious problem in Mexico, not

2

that such violence has worsened since Mendoza-Garcia's original immigration proceedings. *See id.* (denying petition for review because movant's evidence "only provided an analysis of *current* Mexico country conditions").[1]

**PETITION DENIED.**

---

[1] Because Mendoza-Garcia failed to show changed country conditions, we need not reach the BIA's alternative grounds for denying the motion to reopen: that Mendoza-Garcia failed to establish *prima facie* eligibility for asylum, withholding of removal, or Convention Against Torture relief.