**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Emmanuel Quiaoit Anos, | No. 21-729 |
| Petitioner, | Agency No.    A200-247-335 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2023[**]
Pasadena, California

Before: LEE, BRESS, MENDOZA, Circuit Judges.

Emmanuel Quiaoit Anos, a native and citizen of the Philippines, petitions

for review of an order from the Board of Immigration Appeals (BIA) dismissing

his appeal from an Immigration Judge's (IJ) denial of a motion to reopen.  We

have jurisdiction under 8 U.S.C. § 1252(a).  We deny the petition.

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the denial of a motion to reopen for abuse of discretion and will reverse the agency's decision only if it is "arbitrar[y], irrationa[l], or contrary to law." *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002) (citation and quotation marks omitted). When the BIA adopts the reasoning of the IJ and adds some of its own reasoning, we review both decisions. *Nehad v. Mukasey*, 535 F.3d 962, 966 (9th Cir. 2008).

But for a few limited exceptions, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Here, Anos was granted pre-conclusion voluntary departure on November 6, 2018. Anos did not, however, depart the United States within the required 120 days. 8 U.S.C.A. § 1229c. Instead, Anos remained in the United States until he was apprehended by the Department of Homeland Security in December 2020. On January 12, 2021, Anos filed a motion to reopen with the IJ.

Despite filing his motion to reopen approximately two years too late, Anos argues that the agency erred in denying the motion because: (1) he established equitable tolling was warranted; (2) country conditions in the Philippines had materially changed such that he was eligible for asylum, withholding or removal, and/or protection under the Convention Against Torture (CAT); and (3) he would potentially be eligible for adjustment of status based on his recent engagement to a U.S. legal permanent resident.

    1. <u>The BIA did not abuse its discretion in concluding Anos failed to</u>

establish equitable tolling was warranted.  Equitable tolling of the time in which to file a motion to reopen may be available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error" or when "despite all due diligence," the petitioner "is unable to obtain vital information bearing on the existence of the claim."  *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020) (citation and quotation marks omitted).  Anos argues the IJ failed to provide a "reasoned explanation" for denying his request for equitable tolling.  *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  But the record supports the BIA's conclusion that Anos never presented an equitable tolling argument to the IJ.  Moreover, the record also supports the BIA's conclusion that Anos failed to allege any facts that could support a claim for equitable tolling. We thus deny this claim.

2.  The BIA did not abuse its discretion in concluding Anos failed to establish changed country conditions warranted reopening.  A petitioner may file a motion to reopen at any time for the purpose of submitting an application for relief based on changed country conditions. 8 C.F.R. § 1003.2(c)(3)(ii); *Agonafer v. Sessions*, 859 F.3d 1198, 1203–04 (9th Cir. 2017) (noting the 90-day deadline does not apply to motions to reopen based on changed country conditions).  This changed country conditions exception focuses on two points in time: "the circumstances of the country at the time of the petitioner's previous hearing, and

those at the time of the motion to reopen." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).

The BIA did not act arbitrarily, irrationally, or contrary to law in concluding Anos failed to establish country conditions in the Philippines changed between November 6, 2018—the date of his last hearing—and January 12, 2021—the date he filed his motion to reopen—in ways that are material to Anos's claims for asylum, withholding of removal, or relief under CAT. Anos states that he fears he will be persecuted and/or tortured if removed to the Philippines because "as a longtime resident of the United States [he] will be perceived to have wealth" and "[k]idnapping for ransom is very prevalent in the Philippines." He states that people who are "known to return from the United States become targets of this type of crime."

Anos submitted several publications that confirm kidnappings "for criminal purposes" occur in the Philippines, but "[g]eneral references to 'continuing' or 'remaining' problems is not evidence of a change in a country's conditions." *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021). The record contains no evidence from which one could conclude longtime residents of the United States were at greater risk of kidnapping in 2021 than in 2018. Nor do any of the publications Anos presented report a general increase in kidnappings between 2018 and 2021. One publication states that the Philippine National Police reported "crime *decreased* from 2018 to 2019." Thus, the BIA

did not abuse its discretion in concluding Anos failed to establish changed country conditions warranted reopening.

3. <u>The BIA did not abuse its discretion in declining to reopen despite Anos's engagement to a U.S. legal permanent resident.</u>  Anos argues the BIA should have reopened his proceedings because he would be able to establish eligibility for adjustment of status on account of his planned marriage to a U.S. legal permanent resident who intended to file a visa petition on his behalf.  But changes in personal circumstances do not provide a basis for an exception to the 90-day deadline to file a motion to reopen.  *See* 8 C.F.R. § 1003.2(c)(3); *Rodriguez v. Garland*, 990 F.3d 1205, 1209–10 (9th Cir. 2021) ("Changes in a petitioner's personal circumstances are only relevant where those changes are related to the changed country conditions that form the basis for the motion to reopen.").  Additionally, to the extent the BIA concluded this change in personal circumstances did not warrant sua sponte reopening under 8 C.F.R. § 1003.2(a), we lack jurisdiction to review its decision.  *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (noting we may review an agency's decision to decline sua sponte reopening only for "legal or constitutional error").

**Petition DENIED in part and DISMISSED in part.**