NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SATVIR SINGH,<br><br>            Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No. 21-1373<br><br>Agency No.<br>A208-383-161<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2023
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE,
District Judge.**

Petitioner Satvir Singh, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his

claims for asylum, withholding of removal, and Convention Against Torture

relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Motions for reopening of immigration proceedings are disfavored," and

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

the authority to deny such motions is "broad." *INS v. Doherty*, 502 U.S. 314, 323 (1992) (citations omitted). "We review the denial of a motion to reopen for abuse of discretion." *Kaur v. Garland*, 2 F.4th 823, 829 (9th Cir. 2021) (citation omitted). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law." *Id.* (citation omitted).

An applicant must generally file a motion to reopen within ninety days of the date on which the final administrative decision is rendered. *See* 8 C.F.R. § 1003.2(c)(2); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). But this deadline does not apply if the applicant can show material changed country circumstances and a prima facie basis for the relief sought. *Najmabadi*, 597 F.3d at 986; *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii) ("There is no time limit on the filing of a motion to reopen . . . based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."). Here, the motion to reopen came well after the ninety-day deadline. Still, Singh argues the motion is timely because he has shown "changed country conditions stemming from his new political participation within the United States," which in turn led to the police harming his mother and threatening his life in India.

The BIA did not abuse its discretion in denying the motion to reopen. A "petitioner is always *required* to demonstrate changed country conditions." *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021); *Chandra v. Holder*,

751 F.3d 1034, 1037 (9th Cir. 2014) (explaining that "if there is sufficient evidence of changed conditions in the receiving country, there is nothing . . . that prevents a petitioner from referring to his personal circumstances to establish the materiality of that evidence," but that there must be some change in the receiving country in addition to a change in personal circumstances to demonstrate changed country conditions). Yet as the BIA explained, the country condition reports Singh submitted do not show "that the current risk of harm towards individuals engaged in similar political activities is qualitatively different, and thus a material change, from that which existed during his hearing before the Immigration Judge." Those materials only confirm that substantially similar persecution of political activism has occurred in India since at least the time of Singh's original proceedings. *See Rodriguez*, 990 F.3d at 1210 (evidence of "continuing" problems is "not evidence of a *change* in a country's conditions").

Singh relies on *Kaur*, 2 F.4th at 831, where we concluded that qualifying changed circumstances may be "personal to the petitioner." But we reasoned in that case that the petitioner had shown materially changed circumstances in India because "personal circumstances in India changed in a way entirely outside her control"—her husband died in India and her in-laws threatened her life in India—and "relatedly, violence against women [had] materially increased in India." *Id.* at 828–29. Here, by contrast, the new harms were triggered by Singh's own voluntary conduct in the United States. Though the harms to Singh's family and threats he has received are extremely unfortunate, the motion to reopen is not

3                                                                                      21-1373

"based on changed country conditions arising in the country of nationality," as the statute requires. § 1229a(c)(7)(C)(ii). And, as discussed, the general changes to country conditions present in *Kaur* are lacking here. *See* 2 F.4th at 828 (reasoning that the personal change in circumstances and a country-wide change in conditions for women "*together* constitute[d] changed country circumstances" (emphasis added)).

**PETITION DENIED.** The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 1) is otherwise denied.