**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERVIO CARDENAS-FIGUEROA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 17-71047

Agency No. A088-757-828

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2023[**]
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Servio Cardenas-Figueroa, a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals (BIA) denying his motion

to reopen removal proceedings. We have jurisdiction over part of the petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252(a)(1). We deny in part and dismiss in part Cardenas-Figueroa's petition.

The BIA did not abuse its discretion in denying Cardenas-Figueroa's motion to reopen as untimely. The BIA issued a final order of removal for Cardenas-Figueroa on June 29, 2015, but Cardenas-Figueroa did not file the motion to reopen until December 30, 2016, which was beyond the 90-day limit for filing a motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

The BIA also did not abuse its discretion when it found that Cardenas-Figueroa failed to present sufficient evidence of changed country conditions to qualify for the exception to the 90-day deadline for filing a motion to reopen. 8 C.F.R. § 1003.2(c)(3)(ii). Neither Cardenas-Figueroa's declaration nor the State Department's 2015 Human Rights Report for Guatemala demonstrate that country conditions in Guatemala changed between the time of his removal hearing (2013) and the time that he filed his motion to reopen (2016). The claim in Cardenas-Figueroa's declaration that the same individuals who robbed his family in 2001 contacted his family again in 2016 seeking to extort them does not satisfy the exception, because "while changes in personal circumstances may be *relevant* to a motion to reopen based on changed country conditions, a petitioner cannot succeed on such a motion that 'relies *solely* on a change in personal circumstances,' without

2

also providing sufficient evidence of related changed country conditions," which Cardenas-Figueroa has not done. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (quoting *Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014)).

Cardenas-Figueroa also challenges the BIA's order dismissing his appeal of the decision of an Immigration Judge (IJ) denying his application for asylum, arguing that the threats to his family establish that he and his family are being targeted on account of a protected ground. However, Cardenas-Figueroa never petitioned for review of that order.[1] Because Cardenas-Figueroa "failed to seek timely review" of the BIA's underlying order of removal, we "are not permitted to review" it, and "our jurisdiction is limited" only to his petition for review of the BIA's denial of his motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 995 (9th Cir. 2008).

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1] Cardenas-Figueroa also did not petition for review of the BIA's dismissal of his appeal of the IJ's denial of his applications for withholding of removal and relief under the Convention Against Torture. Cardenas-Figueroa has forfeited any challenges to those denials by failing to raise them in his opening brief. *See Perez-Camacho v. Garland*, 54 F.4th 597, 602 n.2 (9th Cir. 2022).