NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELE FRU SHURE, | No. 22-749 |
| Petitioner, | Agency No. A201-744-722 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 13, 2023
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

Michele Fru Shure, a native and citizen of Cameroon, petitions for review of

a Board of Immigration Appeals ("BIA") decision that: (1) dismissed her appeal

from a decision by an immigration judge ("IJ") denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

("CAT"); and (2) denied her motion to remand based on changed country conditions in Cameroon. The BIA affirmed the IJ's denial of Fru Shure's applications for relief based on an adverse credibility determination. The BIA denied Fru Shure's motion to remand because Fru Shure only demonstrated an "incremental" change in country conditions regarding violence against Anglophones. We deny Fru Shure's petition.

1. We have jurisdiction under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA adopts the IJ's decision, we review both the BIA and IJ decisions. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the agency's adverse credibility determination for substantial evidence. *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022). Under that standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citations omitted). "Thus, only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Id.* (citations and quotations omitted).

2. No such extraordinary circumstances are present here. Considered cumulatively, the inconsistencies and omissions in Fru Shure's submitted evidence do not compel any reasonable adjudicator to find Fru Shure credible. Here, the IJ noted two inconsistencies regarding dates: (1) Fru Shure testified that a doctor visited her on October 28, 2018, but her doctor's certificate was dated October 18, 2018; and (2) Fru Shure testified that she received treatment between October 28

2                                    22-749

and November 6, 2018, but her nurse's declaration stated she was treated "[s]ometime in November 2018." The date on the doctor's certificate, October 18, 2018, is *before* Fru Shure's first encounter with members of the Cameroonian military, which she testified was on October 23, 2018. And the nurse's declaration undermines Fru Shure's testimony that she sought medical treatment starting on October 28, 2018. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749–50 (9th Cir. 2022) (stating even minor time frame discrepancies can support an adverse credibility determination).

3. Considering the "totality of the circumstances," a reasonable adjudicator could conclude that Fru Shure was not credible. *See Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The IJ also properly provided opportunities for Fru Shure to explain these inconsistencies and omissions and, in its decision, offered "specific and cogent reasons" for rejecting her explanations. *Id.* [1]

4. We review the BIA's denial of motions to remand for abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). "The BIA abuses its

---

[1] The IJ also noted that although Fru Shure provided photographs of injuries to her right leg, none of the medical documentation provided referenced any such injury. Fru Shure claims that she was never given the opportunity to explain the discrepancy, but the IJ did question her about the cause of the right leg injuries. Even discounting this issue, the date discrepancies offer substantial evidence to support an adverse credibility determination.

discretion if the decision was 'arbitrary, irrational, or contrary to law.'" *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (quoting *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)).  For the BIA to grant a motion to remand based on changed country conditions, a petitioner must "clear four hurdles: (1) she must produce evidence that country conditions have changed; (2) the evidence must be material; (3) the evidence must not have been available previously; and (4) the new evidence would establish prima facie eligibility for the relief sought." *Id.* (cleaned up).

5. The BIA's denial was not an abuse of discretion.  The country conditions evidence Fru Shure submitted to the BIA describes violence against Anglophones as the continuation of preexisting strife.

**PETITION DENIED.**