NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



STELLA MOUDOYAN; MARTINO
BOVO; and MELINA BOVO,

            Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No. 22-40

Agency Nos. A099-061-381
            A099-061-382
            A099-061-383

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023[**]
Pasadena, California

Before: M. SMITH, HAMILTON[***], and COLLINS, Circuit Judges.

Petitioners Stella Moudoyan and her children, Martino Bovo ("Martino")

and Melina Bovo ("Melina"), citizens of Italy, petition for review of the decision

of the Board of Immigration Appeals ("BIA") denying their motion to reopen their

removal proceedings. We have jurisdiction under § 242 of the Immigration and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Nationality Act, 8 U.S.C. § 1252. We review the Board's denial of a motion to reopen for abuse of discretion. *See Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021). We deny the petition.

Petitioners' motion to reopen was filed more than 90 days after the agency issued its final order of removal in December 2016, and the motion therefore was not timely under the general rule applicable to such motions. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Petitioners contend that their motion was nonetheless timely because it was based on changed country conditions, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii) (recognizing such an exception to the 90-day deadline), but we hold that the BIA did not abuse its discretion in rejecting this contention.

The BIA permissibly concluded that Petitioners' submission of an updated country conditions report for Italy and various news articles did not establish "materially or qualitatively changed conditions," but instead reflected a continuation of "previously existing problem[s]" with organized crime in Italy at the time of the final removal hearing in this case in 2011. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 805 (9th Cir. 2022). The BIA also did not abuse its discretion in concluding that the remaining evidence submitted by Petitioners reflected, at best, changes in personal circumstances rather than changed country conditions. *See Chandra v. Holder*, 751 F.3d 1034, 1037–38 (9th Cir. 2014); *see*

2

*also Rodriguez*, 990 F.3d at 1211 ("[A] change in personal circumstances alone is not sufficient to support a motion to reopen [an alien's] removal proceedings.") In particular, the agency properly held that publication on the internet of information concerning Petitioners' prior asylum proceedings in this court does not establish changed country conditions that would warrant reopening.[1] Petitioners complain that the BIA's order did not specifically mention certain additional items of evidence, such as a brief letter from her ex-husband and medical evidence concerning Martino. But the BIA "does not have to write an exegesis on every contention," *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (citation omitted), and Petitioners have not overcome the presumption that the BIA considered all the evidence submitted, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).

Finally, Petitioners contend that the Board erred by not explicitly addressing, in its order, their claims for withholding of removal and for relief under the Convention Against Torture. However, without evidence of changed country conditions, the Board did not abuse its discretion in denying the motion to reopen as to all forms of relief sought. *See Hernandez-Ortiz*, 32 F.4th at 804–805.

**PETITION DENIED**.

---

[1] The BIA correctly rejected, as meritless, Petitioners' contention that their rights to confidentiality were violated by the public dissemination of the recording of the oral argument in this court and the subsequent decision in their case.