NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAVIER BAZALDUA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-12

Agency No.
A073-938-447

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2024[**]
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Javier Bazaldua, a native and citizen of Mexico, petitions for review of an

order from the Board of Immigration Appeals ("BIA") denying his motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remand proceedings based on changed country conditions.[1] We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to remand for abuse of discretion, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), reviewing its "determination of legal questions de novo, and factual findings for substantial evidence," *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We deny the petition.

The BIA did not abuse its discretion in denying the motion to remand. Bazaldua did not establish that evidence of gang violence and corruption was not available at the time of his hearing. *See* 8 C.F.R. § 1003.2(c)(1) (requiring that "evidence . . . was not available and could not have been discovered or presented at the former hearing"); *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987) (explaining that the requirements of a motion to reopen and a "redesignat[ed]" motion to remand "are for all practical purposes the same"). And substantial evidence supports the BIA's conclusion that Bazaldua had not shown a material change in conditions in Mexico since his hearing. *See Rodriguez v. Garland*, 990 F.3d 1205, 1207 (9th Cir. 2021) ("Motions to reopen like Petitioner's require evidence that conditions relevant to the petitioner have materially changed in the

---

[1] Bazaldua has not challenged the BIA's dismissal of his appeal from the Immigration Judge's underlying decision.

country of removal since the date of the prior order of removal.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.