**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

TEODORO RODRIGUEZ-BLANCO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-719

Agency No.
A200-975-654

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025\*\*
Pasadena, California

Before: MURGUIA, Chief Judge, and BENNETT and JOHNSTONE, Circuit
Judges.

Teodoro Rodriguez-Blanco, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") decision denying his motion to

reopen his removal proceedings based on changed country conditions.  Rodriguez-

Blanco moved to reopen his proceedings to seek reconsideration of his eligibility

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252 and review the denial of a motion to reopen for abuse of discretion. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). We deny the petition for review.

Ordinarily, a petitioner must file a motion to reopen within ninety days of the final administrative removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). The ninety-day deadline does not apply, however, where a petitioner's motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." *Id.* § 1229a(c)(7)(C)(ii). To prevail on a motion to reopen based on changed country conditions, a petitioner must (1) produce evidence of changed country conditions, (2) establish that the evidence is material, (3) show that the evidence was not available and would not have been discovered or presented at the previous hearing, and (4) demonstrate prima facie eligibility for the relief sought. *Hernandez-Ortiz*, 32 F.4th at 804 (quoting *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017)).

Rodriguez-Blanco contends that his serious medical conditions constitute changed circumstances that warrant reopening despite his untimely filing. Although a change in personal circumstances can establish the materiality of changed country conditions, motions to reopen based solely on changes in personal circumstances cannot succeed. *Rodriguez v. Garland*, 990 F.3d 1205,

2                                                                    24-719

1209–10 (9th Cir. 2021). The country conditions evidence Rodriguez-Blanco proffers demonstrates that individuals who are institutionalized in Mexico may face deplorable conditions, but the evidence does not show these conditions have changed since Rodriguez-Blanco's prior removal hearings. *Id.* at 1210 ("General references to 'continuing' or 'remaining' problems is not evidence of a *change* in a country's conditions."). Because Rodriguez-Blanco has not demonstrated changed country conditions in Mexico, the BIA did not abuse its discretion in denying his motion to reopen as untimely.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal shall remain in effect until issuance of the mandate.