NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ERNA DWIRAPITA, | No. 17-72215 |
| Petitioner, | Agency No. A099-357-555 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025[**]
San Francisco, California

Before: NGUYEN and BRESS, Circuit Judges, and BENNETT,[***] District Judge.

Erna Dwirapita, a native and citizen of Indonesia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen her claims for asylum, withholding of removal, and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

Against Torture. We review the BIA's denial of a motion to reopen under the "highly deferential" abuse of discretion standard and reverse only if the BIA acted "arbitrarily, irrationally, or contrary to law." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA did not abuse its discretion by denying Dwirapita's motion as untimely because she failed to show materially changed country conditions. Although an applicant generally must move to reopen within 90 days of the final administrative decision, she may seek reopening at any time "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii); 8 C.F.R. § 1003.2(c)(3)(ii). "[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). To satisfy this exception, the petitioner must present evidence of worsening country conditions "'qualitatively different' from" that submitted in her previous application. *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)). Where the record already reflects significant mistreatment of the relevant group,

2

"generalized evidence suggesting a relatively high level of mistreatment and abuse" is inadequate. *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014). A change "need not be 'dramatic'" to establish worsening conditions, *Reyes-Corado v. Garland*, 76 F.4th 1256, 1262 (9th Cir. 2023) (quoting *Joseph v. Holder*, 579 F.3d 827, 833 (7th Cir. 2009)), but evidence that merely describes current conditions is not sufficient to show change, *see Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021).

Dwirapita filed her motion to reopen five years after the final agency decision, and she has not shown materially changed conditions relative to her previous application. She argues that worsening risks of terrorism and violence by extremist Islamic groups against Indonesian Christians like herself constitute materially changed conditions. Nevertheless, her new evidence of the risk posed by domestic terrorist groups almost exactly mirrors that in her original application. Similarly, her evidence regarding ISIS fails to demonstrate "*changed* country conditions" because it reflects that (1) Indonesia continues to face the same risk of religiously motivated terrorism discussed in her previous application; and (2) the Indonesian government has made efforts to respond to any risk from ISIS. *Rodriguez*, 990 F.3d at 1210 (citing *Najmabadi*, 597 F.3d at 989). These general reports that conditions have remained the same for Christians in Indonesia are insufficient to demonstrate material change. *See id.* (citing *Najmabadi*, 597 F.3d at 989). Accordingly, Dwirapita did not meet her burden to establish materially changed country

3

conditions, and the BIA acted within its discretion to deny her motion as untimely.

**PETITION DENIED.**