NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HENDRA KO,

  Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

  Respondent.

No. 14-70568

Agency No. A088-322-623

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Hendra Ko, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if credible, Ko failed to establish the harms he experienced in Indonesia, considered cumulatively, rose to the level of persecution.   *See id.* at 1059-60; *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (record did not compel finding past persecution where petitioner was harassed as a youth, refused medical care, arrested, and beaten by a mob of rioters).   Substantial evidence also supports the agency's finding that, even under a disfavored group analysis, Ko failed to show sufficient individualized risk of harm to establish a well-founded fear of persecution.   *See Halim*, 590 F.3d at 979.   Thus, Ko's asylum claim fails.

Because Ko did not establish eligibility for asylum, he necessarily does not meet the more stringent standard for withholding of removal.   *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Ko's CAT claim because he failed to demonstrate it is more likely than not he would be

tortured if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**