**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENDRA KO, | No. 18-71140 |
| Petitioner, | Agency No. A088-322-623 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026[**]
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Hendra Ko, a native and citizen of Indonesia, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing his motion to

reopen based on changed country conditions. Ko converted to Christianity after

the agency denied his initial applications for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture.  *See Ko v. Lynch*, 649 F. App'x 476 (9th Cir. 2016).  He now fears he will be persecuted for his Christian beliefs if he returns to Indonesia.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022).  The BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law."  *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (quoting *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)).

1.      The BIA acted within its discretion when it denied Ko's motion to reopen, citing his failure to provide evidence of the conditions for Christians in Indonesia in 2012.  To demonstrate that country conditions have changed, a petitioner must submit evidence that illustrates the relevant conditions at "two points in time . . . the time of the petitioner's previous hearing, and . . . the time of the motion to reopen."  *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).  The evidence Ko submitted did not meaningfully describe conditions for Indonesian Christians in 2012, the time of his prior hearing.  Without a baseline for comparison, the BIA reasonably concluded that it could not determine whether conditions for Indonesian Christians had worsened in the intervening period.

2.      Even assuming that Ko's scant documentation of conditions in 2012

19-73037

was sufficient to establish a baseline, the record as a whole does not show that a material change in country conditions for Indonesian Christians had occurred by the time of Ko's motion to reopen. A petitioner must show circumstances or events that are meaningfully new and different, not merely a continuation of existing conditions. *See Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021). Much of Ko's evidence broadly describes the rise of ISIS in Indonesia, rather than providing specific evidence of circumstances affecting Christians. To the extent that Ko's evidence does pertain to Indonesian Christians, it shows a continuation of conditions that were present in 2012, rather than a change. There are several references to "rising religious intolerance," and the "escalating" of "anti-Christian hostility," but these conclusory descriptions are not sufficient to show changed conditions unless accompanied by substantive evidence bearing them out. *See Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010) (denying motion to reopen where report claimed that Iran's "human rights record [had] worsened," but the conditions described therein were an "almost carbon copy" of those in prior years).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 1) is otherwise denied.

19-73037